IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 11-cv-01514-PAB-BNB

CORDELL PEARCE,

    Plaintiff,

v.

OFFICER JOE LUCERO, Denver Police Department, and
OFFICER RYAN TUGGLE, Denver Police Department,

    Defendants.

## STIPULATED PROTECTIVE ORDER

Upon a showing of good cause in support of the entry of a Protective Order by and between Plaintiff Cordell Pearce and Defendants Joe Lucero and Ryan Tuggle to protect the discovery and dissemination of confidential information or information that will improperly annoy, embarrass, or oppress any party, witness, or person providing discovery in this case,

IT IS ORDERED:

1.    This Protective Order shall apply to all documents, materials, and information, including without limitation, documents produced, answers to interrogatories, responses to requests for admission, deposition testimony, and other information disclosed pursuant to the disclosure or discovery duties created by the Federal Rules of Civil Procedure.

2.    As used in this Protective Order, "document" is defined as provided in Fed.R.Civ.P. 34(a). A draft or non-identical copy is a separate document within the meaning of this term.

3.    Information designated "CONFIDENTIAL" shall be information that is confidential and implicates common law and statutory privacy interests of any party or third party to these proceedings. CONFIDENTIAL information shall not be disclosed or used for any

purpose except the preparation and trial of this case. Third-parties disclosing any CONFIDENTIAL information may designate such CONFIDENTIAL information as CONFIDENTIAL per this Protective Order and any party to this Protective Order may designate CONFIDENTIAL information produced by a third-party as CONFIDENTIAL per this Protective Order.

     4. CONFIDENTIAL documents, materials, and/or information (collectively "CONFIDENTIAL information") shall not, without the consent of the party producing it or further Order of the Court, be disclosed except that such information may be disclosed to:

     (a) attorneys actively working on this case;

     (b) persons regularly employed or associated with the attorneys actively working on the case whose assistance is required by said attorneys in the preparation for trial, at trial, or at other proceedings in this case;

     (c) the parties;

     (d) expert witnesses and consultants retained in connection with this proceeding, to the extent such disclosure is necessary for preparation, trial or other proceedings in this case;

     (e) the Court and its employees ("Court Personnel");

     (f) stenographic reporters who are engaged in proceedings necessarily incident to the conduct of this action;

     (g) persons whom counsel reasonably believes to be the authors, senders, addressees, and copy recipients of, persons mentioned in such CONFIDENTIAL information, current or former employees of the producing person and other persons with knowledge relating to the information contained therein so long as (i) those persons have been identified in Fed. R. Civ. P. 26(a)

disclosures (or amendments thereto) and (ii) have agreed to abide by the terms of this Protective Order pursuant to Paragraph 6, below;

    (h) deponents, witnesses, or potential witnesses;

    (i) other persons by written agreement of the parties; and

    5.    Prior to disclosing any CONFIDENTIAL information to any person listed above (other than counsel, persons employed by counsel, Court Personnel and stenographic reporters), counsel shall provide such person with a copy of this Protective Order and obtain from such person a written acknowledgment stating that he or she has read this Protective Order and agrees to be bound by its provisions. All such acknowledgments shall be retained by counsel and shall be subject to in camera review by the Court if good cause for review is demonstrated by opposing counsel.

    6.    Documents are designated as CONFIDENTIAL by placing or affixing on them (in a manner that will not interfere with their legibility) the following or other appropriate notice: "CONFIDENTIAL."

    7.    Any information designated by a party as CONFIDENTIAL will first be reviewed by counsel who will certify that the designation as CONFIDENTIAL is based on a good faith belief that the information is confidential or otherwise entitled to protection.

    8.    Whenever a deposition involves the disclosure of CONFIDENTIAL information, the deposition or portions thereof shall be designated as CONFIDENTIAL and shall be subject to the provisions of this Protective Order. Such designation shall be made on the record during the deposition whenever possible, but a party may designate portions of depositions as CONFIDENTIAL after transcription, provided written notice of the designation is promptly

given to all counsel of record within thirty (30) days after notice by the court reporter of the completion of the transcript.

        9.      **Any request to restrict access must comply with the requirements of D.C.COLO.LCivR 7.2.** ~~Any party may attempt to introduce into evidence relevant CONFIDENTIAL information at the trial of this action, subject to whatever further protective orders the trial court imposes at the time of the offer. If any CONFIDENTIAL information is incorporated into a court filing, the filing party will move in accordance with District of Colorado Local Civil Rule 7.2 for leave to file the evidence with the Clerk of the Court under seal. Where possible, only CONFIDENTIAL portions of the filings with the Court shall be under seal. To the extent that the requirements of this paragraph are inconsistent with any applicable local rules concerning the filing of materials under seal, then the local rules shall govern.~~

        10.     A party may object to the designation of particular CONFIDENTIAL information by giving written notice to the party designating the disputed information. The written notice shall identify the information to which the objection is made. If the parties cannot resolve the objection within ten (10) business days after the time the notice is received, it shall be the obligation of the party designating the information as CONFIDENTIAL to file an appropriate motion requesting that the Court determine whether the disputed information should be subject to the terms of this Protective Order. If such a motion is timely filed, the disputed information shall be treated as CONFIDENTIAL under the terms of this Protective Order until the Court rules on the motion. If the designating party fails to file such a motion within the prescribed time, the disputed information shall lose its designation as CONFIDENTIAL and shall not thereafter be treated as CONFIDENTIAL in accordance with this Protective Order. In

connection with a motion filed under this provision, the party designating the information as CONFIDENTIAL shall bear the burden of establishing that good cause exists for the disputed information to be treated as CONFIDENTIAL.

11. In the event of an inadvertent disclosure of CONFIDENTIAL information, or privileged documents or information, by any party to this agreement, the parties agree that the right to designate such materials as CONFIDENTIAL or to assert privilege will not be waived where the producing party notifies the other party of the inadvertent disclosure within a reasonable period of time following discovery of the inadvertent disclosure. Upon notification of an inadvertent disclosure of CONFIDENTIAL or privileged documents or information, the producing party shall notify the receiving party of the inadvertent disclosure. Upon notification, the receiving party shall promptly return or destroy the requested privileged materials and any copies thereof.

12. At the conclusion of this case, unless other arrangements are agreed upon, each document and all copies thereof which have been designated as CONFIDENTIAL shall be returned to the party that designated it CONFIDENTIAL, or the parties may elect to destroy CONFIDENTIAL documents. Where the parties agree to destroy CONFIDENTIAL documents, the destroying party shall provide all parties with an affidavit confirming the destruction.

13. This Protective Order may be modified by the Court at any time for good cause shown following notice to all parties and an opportunity for them to be heard.

Dated December 3, 2012.

                                              BY THE COURT:

                                              s/ Boyd N. Boland
                                              United States Magistrate Judge